**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

JACK GRAY LOGISTICS NETWORK, INC.,  )
        Plaintiff,  )
                          )
   v.                       )   CAUSE NO.: 2:21-CV-1-PPS-JPK
                          )
RICK CRAVEN,  )
        Defendant.  )

## OPINION AND ORDER

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The Court must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Defendant Rick Craven invoked this Court's subject matter jurisdiction via diversity jurisdiction by filing a Notice of Removal to federal court. As the party seeking federal jurisdiction, Defendant has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

For the Court to have diversity jurisdiction, no defendant may be a citizen of the same state as any plaintiff, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). Defendant has alleged a sufficient amount in controversy (subject to any future challenge). However, the allegations are insufficient as to the citizenship of Defendant and Plaintiff Jack Gray Logistics Network, Inc.

The Notice of Removal states that "Plaintiff is a citizen of the State of Indiana because it is an Indiana company with its principal place of business in Lake County, Indiana." (Notice of

Removal ¶ 7, ECF No. 1). The Notice of Removal further states that "Defendant is a citizen of the State of Pennsylvania because he resides in North Huntingdon, Pennsylvania." *Id.* at ¶ 8. These allegations are insufficient for the purpose of determining citizenship.

First, "[t]he citizenship of a natural person for diversity purposes is determined of course by the person's domicile . . . , which means the state where the person is physically present with an intent to remain there indefinitely." *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006). Allegations of residency in a state are not sufficient. *See id.* at 835 (diversity jurisdiction "is determined by citizenship of a state, not allegations of residency in a state"). The Court must therefore be advised of Defendant's state of citizenship, not his state of residence.

Second, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Seventh Circuit Court of Appeals has further "held that 'when one corporation sues another and the only basis of federal jurisdiction is diversity, the [party asserting federal jurisdiction] must allege both the state of incorporation *and* the state of principal place of business for each corporation.'" *Wojan v. Gen. Motors Corp.*, 851 F.2d 969, 974-75 (7th Cir. 1988) (citing *Casio, Inc. v. S.M. & R. Co., Inc.*, 755 F.2d 528, 529-30 (7th Cir. 1985)); *see also Karazanos v. Madison Two Assocs.*, 147 F.3d 624, 628 (7th Cir. 1998) ("in cases with corporate parties, it is necessary to allege both the state of incorporation and the state of the principal place of business, even if they are one and the same." (internal citation omitted)). The Court acknowledges Defendant's allegation that Plaintiff is "an Indiana company." (Notice of Removal ¶ 7, ECF No. 1). While this allegation may have intended to convey that Plaintiff is incorporated in Indiana, because a supplemental jurisdictional statement is required to clarify

Defendant's citizenship, the Court will require the statement to clarify Plaintiff's state of incorporation as well.

Given the importance of determining the Court's jurisdiction to hear this case, Defendant must sufficiently allege his own citizenship and that of Plaintiff, as outlined above. Therefore, the Court **ORDERS** Defendant Rick Craven to **FILE**, on or before **January 29, 2021**, a supplemental jurisdictional statement that properly alleges the citizenship of Defendant and Plaintiff Jack Gray Logistics Network, Inc.

So ORDERED this 15th day of January, 2021.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT